## VOELGER v FREDERICK A SCHMIDT CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4761. Decided April 1, 1935

Stanley A. Silversteen, Cincinnati, for plaintiff in error.

Jerome Goldman, Cincinnati, William S. Schwartz, Cincinnati, and John L. Sanger, Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

The plaintiff was entitled to its compensation if the property was sold at auction for $11,000—or if sold at private sale. Obviously the limitation as to the auction price could be waived.

The defendant testified:

"A. Mr. Farrell said, "We can't wait any longer, either. You better get rid of it, otherwise we have to take action."

Q. He would take action?

A. Yes.

Q. On what?

A. Well, they were the representatives of the Metropolitan Life, who had a mortgage on my home in Lafayette Circle.

Q. Another piece of property?

A. Yes, my residence.

Q. They said they would have to foreclose on the property at Lafayette Circle?

MR. SCHWARTZ: I object to his leading the witness.

THE COURT: Don't lead the witness.

Q. I will try not to lead him. Go on with your story, Mr. Voelger.

A. My wife and I talked things over between ourselves and Mrs. Volger said, "After all, we are going to have a lot of trou-

ble; let it go;" and then I consented to let it go."

It seems to us immaterial whether the action of the defendant be considered as a waiver of the upset price of the auction or an acquiescence in a private sale. This is evidence that the commission was earned under the terms of the contract.

The court charged as follows:

"The plaintiff in this case, in fact in any case the party asking for affirmative relief, must prove their right to recover and must prove this right by a preponderance of the evidence; that is to say, they must produce evidence here which out-weighs. If the plaintiff has proved such evidence, and it does preponderate in your mind in favor of the plaintiff, then and in that event the plaintiff is entiled to relief; but if the plaintiff does not prove its case by a preponderance of the evidence or by evidence which out-weighs, and you find this after weighing it with the scales here given, the plaintiff is not entitled to relief—logically, because he has not proven his right to relief."

This charge is erroneous, in that it limits the plaintiff to evidence produced by it. It is entitled to the benefit of all the evidence, whether produced by it or the defendant. It is contended that this was not made an assignment of error before the Court of Common Pleas. A court need not consider error unless presented to it, but it certainly may do so.

It is admitted that the court erroneously charged upon the subject of duress. In any event, the plaintiff only stated it would do what it had a right to do.

In our view of the case, the verdict was against the weight of the evidence, and the court committed error in its charge.

The judgment of the Common Pleas Court was correct and the same is affirmed.

MATTHEWS and HAMILTON, JJ, concur.